## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| DAVID W. PITTMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-cv-00077-RWS |
| U.S. BANK NATIONAL | : | |
| ASSOCIATION, as Trustee for | : | |
| Securitized Asset Backed | : | |
| Receivables LLC Trust 2006- | : | |
| WM1, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Defendant U.S. Bank's Motion for

Judgment on the Pleadings [12] and Plaintiff David W. Pittman's Motion for

Leave to File a Sur-Reply [23].  After reviewing the record, the Court enters the

following order.

## Background

Plaintiff commenced this suit on April 18, 2014, requesting a declaration

that he is the proper recipient of a portion of proceeds from a foreclosure sale.

Plaintiff bases his claim on a security interest arising out of two deeds secured

by the subject property, which were later assigned to him.  (Compl., Dkt. [1] ¶¶

18, 19.)  Plaintiff also brings a conversion claim against Defendant for

withholding payment of the foreclosure proceeds to which Plaintiff alleges he is

entitled.  (Id. ¶ 9.)

The subject of the action in this case is real property located at 19 Rose

Court, Atlanta, Georgia ("Property").  (Id. ¶ 7.)  Title to the Property was vested

in Nancy Turner until the Property was foreclosed on by Defendant.  (Super. Ct.

J., Dkt. [1-2] ¶ 14.)  On August 26, 2005, Turner executed a security deed in

favor of Defendant's predecessor-in-interest, WMC Mortgage Corp., to secure

debt in the amount of $850,000.  (Id. ¶ 7.)  The security deed was then

conveyed to Defendant on June 4, 2008.  (Id.)  Thereafter, Turner defaulted on

the loan, and Defendant initiated non-judicial foreclosure proceedings against

her in the Superior Court of Fulton County, Georgia on August 24, 2010.

(Compl., Dkt. [1] ¶ 9.)  Defendant then sold and purchased the Property on July

2, 2012 for $1,229,047.94.  (Id.)

Plaintiff alleges an interest in the Property arising from two security

deeds.  (Id. ¶¶ 5, 10.)  The first is a deed executed by Nancy Turner in favor of

Ben Ray Turner on October 1, 2004 for the principal amount of $100,000

("2004 Ben Ray Turner Deed").  (Pl.'s Br. In Opp., Dkt. [20-1] at 2.)  That deed

2

referenced underlying debt from an earlier security deed executed by Nancy

Turner in favor of Ben Ray Turner, also for $100,000, on January 29, 1993

("1993 Ben Ray Turner Security Deed").[1]  (Compl., Dkt. [1] ¶ 5.)  The second

is a security deed executed by Nancy Turner in favor of C. Hunter Tison on

October 1, 2004 to secure debt in the amount of $150,000 ("Tison Security

Deed").  (Compl., Dkt. [1-4].) Both deeds were assigned to Plaintiff on

December 14, 2007. (Pl.'s Br. in Opp., [20-1] at 2.)

    In addition to initiating foreclosure proceedings against Nancy Turner, on

August 24, 2010, Defendant brought a declaratory action against Plaintiff  in

the Superior Court of Fulton County to adjudicate the parties' interests in the

Property.  (Super. Ct. J., Dkt. [1-2].)  Following Plaintiff's failure to respond to

the action, the superior court entered an order of default judgment in

Defendant's favor on January 19, 2011 ("Default Judgment").  (Id.)  The

Default Judgment clarified the Property's chain of title, placing Defendant's

security interest as first priority and rendering "all other claims and interests as

inferior and subordinate, which are barred and foreclosed from any right, title,

---

[1]As the superior court's judgment notes, the 1993 Ben Ray Turner Security
Deed was satisfied as of October 1, 2004, upon execution of the 2004 Ben Ray Turner
Security Deed.  (Super. Ct. Compl., Dkt. [12-6] at 25; Super. Ct. J., Dkt. [1-2] ¶ 11.)

AO 72A
(Rev.8/82)

interest, equity, redemption and claim in the property." (Id. ¶ 22.)  Plaintiff, however, argues that the superior court did not cancel the 2004 Ben Ray Turner Security Deed, and thus he is entitled to excess foreclosure proceeds.  (Id. ¶¶ 6-9.)

After the superior court issued its Default Judgment, Plaintiff filed a motion to set aside the judgment, arguing that the Default Judgment erroneously cancelled the Tison Security Deed, Plaintiff's other claimed interest in the Property, because Defendant misrepresented that deed's satisfaction.  (Id. ¶ 12.)  The superior court denied that motion in an order entered on January 16, 2013.  (Mot. to Set Aside J. Order, Dkt. [1-5].)  Plaintiff did not seek appellate review of any aspect of the superior court's Default Judgment.  (Compl., Dkt. [1] ¶ 13.)

In filing this action, Plaintiff requests that this Court declare he is entitled to a portion of the Property's foreclosure proceeds according to his claimed security interest in the Property, or in the alternative, to the amount of the foreclosure proceeds in excess of Defendant's own security interest as adjudicated by the Default Judgment.  (Id. ¶ 18.)  Contingent on a finding that Plaintiff was entitled to a portion of the foreclosure proceeds, Plaintiff requests

4

that this Court find Defendant converted his funds by failing to tender the payment due to him.  Plaintiff petitions for actual, consequential, and incidental damages, as well as for attorney's fees, costs, and punitive damages.  (Id. ¶ 22.) Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c).

## Discussion

### I.      Motion for Leave to File a Sur-Reply [23]

Before addressing Defendant's motion, the Court notes that Plaintiff filed a Motion for Leave to File a Sur-Reply [23] in which he first explains that he would further address the cancellation of the 2004 Ben Ray Turner Security Deed, which Plaintiff appears to acknowledge was recorded.  Still, Plaintiff argues it was ineffective because the cancellation was recorded after he was assigned the 2004 Ben Ray Turner Security Deed.  Second, in response to Defendant's assertion in its Reply that there were in fact no excess foreclosure proceeds, Plaintiff repeats his argument that he is entitled to excess proceeds, arguing that his interest was superior to all but a $200,000 portion of the $850,000 mortgage loan.

5

"Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." <u>Fedrick v. Mercedes-Benz USA, LLC</u>, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (internal citations omitted).  "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." <u>Garrison v. N.E. Ga. Med. Ctr., Inc.</u>, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (declining to permit surreply).  Rather, surreplies typically will be permitted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review.  <u>See, e.g.</u>, <u>Fedrick</u>, 366 F. Supp. 2d at 1197 (stating that "valid reason for . . . additional briefing exists . . . where the movant raises new arguments in its reply brief").  Here, Plaintiff fails to show that a surreply is warranted.  He does not point out any new arguments Defendant raised in its Reply related to the 2004 Ben Ray Turner Security Deed cancellation.  And, to the extent Defendant raised a new argument about the lack of excess foreclosure proceeds, the Court declines to consider Defendant's argument.  Therefore, Plaintiff's Motion for Leave to File a Sur-Reply [23] is **DENIED**.

6

## II.     Judgment on the Pleadings Legal Standard

"Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999).  "When reviewing judgment on the pleadings, [the Court] must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party."  Id.  A motion for judgment on the pleadings pursuant to Rule 12(c) may be premised on failure to state a claim.  Mills v. Fitzgerald, 668 F. Supp. 1554, 1556 n.1 (N.D. Ga. 1987) (citing FED. R. CIV. P. 12(h)).

In order to determine whether a plaintiff has stated a claim, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550

AO 72A
(Rev.8/82)

U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

## III.    Analysis

In support of Defendant's motion for judgment on the pleadings, Defendant argues that: (1) "This Court lacks subject matter jurisdiction to consider claims preciously [sic] adjudicated in state court under the Rooker-Feldman doctrine," (2) "Plaintiff's declaratory judgment claim is barred by res judicata," and (3) "Plaintiff's conversion claim fails because it depends on Plaintiff's nonexistent interest in the Property."  (Def.'s Br. in Supp. of J. on the Pleadings, Dkt. [12-1] at 3.)

A.    Subject Matter Jurisdiction under the Rooker-Feldman Doctrine

First, Defendant argues that Plaintiff may not ask "this Court to conduct an appellate review of a state court judgment . . . under Rooker-Feldman" because the state court's Default Judgment extinguished Plaintiff's interest in the Property.  (Def.'s Br. in Supp. of J. on the Pleadings, Dkt. [12-1] at 12.)

"The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts."  Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir.

8

2000); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.

Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413,

415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).  This doctrine extends to claims

that are "inextricably intertwined" with a state-court judgment.  Siegel, 234

F.3d at 1172.  A federal claim is inextricably intertwined with a state-court

judgment "if the federal claim succeeds only to the extent that the state court

wrongly decided the issues before it." Id.  (quoting Pennzoil Co. v. Texaco,

Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Marshall, J.,

concurring)).

　　　　Plaintiff argues that he is "not seeking review of the state-court Default

Judgment" but that he is instead "seeking to enforce the security interest

specifically omitted from the Default Judgment," referring to the 2004 Ben Ray

Turner Deed.  (Pl.'s Br. in Opp., Dkt. [20] at 14; Compl., Dkt. [1-1] ¶ 8.)

However, Plaintiff's contention that the 2004 Ben Ray Turner Security Deed

represents an existing security interest in the Property is based on an incorrect

reading of the Default Judgment.

　　　　The Default Judgment instructed the Clerk of Court to cancel four

instruments, including both the 2004 Ben Ray Turner Deed and the Tison

9

Security Deed.  (Id.)  Though the Default Judgment identified by name the 2004

Ben Ray Turner Deed in a list of instruments to be cancelled, the book and page

number used to cross index the deed referred instead to the record of the deed's

satisfaction, recorded on August 11, 2008.[2]  (Id.; Super. Ct. Compl., Dkt. [12-6]

at 86.)  According to Plaintiff, the Default Judgment's cross indexing of the

satisfaction of the deed rather than the deed itself evidences the superior court's

intent to leave the deed undisturbed and active. (Compl., Dkt. [1] ¶ 8; Pl.'s Br.

in Opp., Dkt. [20-1] at 9.)  Plaintiff maintains that because the superior court

did not intend to cancel the 2004 Ben Ray Turner Deed, he still possesses a

security interest in the Property by virtue of that deed and is thus entitled to a

payoff from the Property's foreclosure.  (Pl.'s Br. in Opp., Dkt. [20-1] at 8.)

Plaintiff further alleges that by withholding proceeds to which he was entitled,

Defendant converted Plaintiff's property.  (Compl., Dkt. [1] ¶ 22.)

    In reviewing the Default Judgment, it is apparent that the state court

intended not only to cancel the Ben Ray Turner Security Deed, but it expressly

confirms that the Ben Ray Turner Security Deed was already satisfied.  In

---

[2]The deed's satisfaction indexed by the Default Judgment in Exhibit J includes
a copy of the original 2004 Ben Ray Turner Deed, including its original book and
page number.  (Dkt. [12-6] at 86.)

10

pointing to the deed's satisfaction, the Default Judgment provides: "On August 11, 2008, an instrument was recorded . . . at Deed Book 47074, Page 692, reflecting a release and cancellation of the Ben Ray Turner Security Deed." (Super. Ct. J., Dkt. [1-2] ¶ 9; Dkt. [12-6] at 85-88.)  The Default Judgment includes by exhibit a copy of that deed's full satisfaction in the Fulton County property records.  (Dkt. [12-6] at 85-88.)  While the court noted that Plaintiff was assigned the Ben Ray Turner Security Deed on December 31, 2007 by an assignment purporting to convey to Plaintiff an "interest in that certain note and deed to secure debt dated October 1, 2004 between Nancy S. Turner as Grantor and Ben Ray Turner as Grantee," the court explained that "[t]he Transfer and Assignment references the underlying debt being the 1993 indebtedness previously cancelled."  (Super. Ct. J., Dkt. [1-2] ¶¶ 10-11.)

Further, in case there was any doubt about the court's intent, the Default Judgment declares that "any and all claims and interests, including those asserted through a deed to secure debt by Ben Ray Turner, were satisfied of record on October 4, 2004."  (Id. ¶ 17; Dkt. [12-6] at 25.)  The Default Judgment then directs "the Clerk of Court to mark as 'cancelled' [a number of

11

instruments, including] the Ben Ray Turner Security Deed recorded in Deed Book 47074 page 693."  (Super. Ct. J., Dkt. [1-2] ¶ 22.)

The Default Judgment thus illustrates the superior court's overwhelming intent to cancel any security interest in the Property stemming from the 2004 Ben Ray Turner Deed.  Therefore, Plaintiff's arguments essentially amount to an attempt to appeal the state court's decision regarding the interests in the Property.  In that regard, the Rooker-Feldman doctrine bars this Court from exercising jurisdiction over any claim of interest based on the 2004 Ben Ray Turner Security Deed. See Siegel, 234 F.3d at 1172.

Furthermore, Plaintiff's argument that the superior court cancelled the Tison Security Deed based on false information is also without merit, for that issue is inextricably intertwined with the state-court judgment.  Similarly, to the extent that Plaintiff argues that the Default Judgment's cancellation of his interest in the Tison Security Deed represents an unconstitutional taking, that argument also fails.  (Compl., Dkt. [1] ¶ 13.)  The Rooker-Feldman doctrine is not limited to matters of state law but applies equally to attacks on state-court judgments premised on constitutional claims, an application which protects "the dual dignity of state and federal court decisions interpreting federal law."

12

Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996).  Here, as Plaintiff

concedes, the superior court's Default Judgment expressly denies any security

interest in the Property stemming from the Tison Security Deed.  (Pl.'s Br. in

Opp., Dkt. [20-1] at 5.)  Under the Rooker-Feldman doctrine, Plaintiff is not

permitted to seek review of the Default Judgment in this Court even when such

review is premised on a constitutional claim.  Although Plaintiff could have

appealed the state-court judgment, he chose not to do so, and so this Court

cannot inquire further.

B.    Plaintiff's Claim of Conversion

Plaintiff alleges that Defendant converted funds to which Plaintiff was

entitled by failing "to account for the proceeds [Defendant] received upon the

sale of the subject property."  (Compl., Dkt. [1] ¶ 21.)  Plaintiff bases this

assertion on his interest in the Property by virtue of the 2004 Ben Ray Turner

Deed, the Tison Security Deed, or both.  (Id. ¶¶ 18, 19.)

To establish a prima facie claim of conversion, a plaintiff must show:

"(1) title to the property or the right of possession, (2) actual possession in the

other party, (3) demand for return of the property, and (4) refusal by the other

party to return the property."  Trey Inman & Assocs., P.C. v. Bank of Am.,

13

N.A., 306 Ga. App. 451, 457 (2010).  Because both of Plaintiff's alleged security interests in the Property were extinguished by the state court's Default Judgment, Plaintiff has no "title to the property or the right of possession" to show he was entitled to proceeds from the Property's foreclosure sale.  Id. Plaintiff thus fails to state a claim for conversion.

### Conclusion

In accordance with the foregoing, Defendant U.S. Bank's Motion for Judgment on the Pleadings [12] is **GRANTED**, and Plaintiff's Motion for Leave to File a Sur-Reply [23] is **DENIED**.  The Clerk shall close the case.

**SO ORDERED**, this  2nd   day of March, 2015.


**RICHARD W. STORY**
United States District Judge

14